UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAFAEL CORREA GOMEZ,** on behalf of himself and all others similarly situated,<br>1538 Cedar Lane<br>Youngstown, Ohio 44505<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**IRON CITY WOOD PRODUCTS, INC.,**<br>c/o Denise O. Muslovski<br>10513 Unity Road<br>New Middleton, Ohio 44442<br><br>　　　　Defendant. | CIVIL ACTION<br><br>CASE NO.: 4:17-CV-13<br><br>JUDGE<br><br><br><br><br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Rafael Correa Gomez, by and through counsel, for his Complaint against Defendant, Iron City Wood Products, Inc., states and alleges the following:

**INTRODUCTION**

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who have joined or may join this case pursuant to § 216(b).

3. This lawsuit also seeks to recover unpaid minimum wages due to Plaintiff and other similarly situated employees pursuant to Ohio Revised Code 4111.14 and the Ohio Constitution, Article II, 34a (the "Ohio Wage Laws") who have worked as hourly, non-exempt employees of Iron City Wood Products, Inc., ("Defendant") in the State of Ohio.

4. Plaintiff also brings claims under Ohio Revised Code 4113.15 (the "Ohio Prompt Pay Act") on his own behalf and as a Fed. R. Civ. P. 23 class action on behalf of other similarly situated employees in the State of Ohio as the minimum wages and overtime due to Plaintiff and other similarly situated employees are past due by over thirty (30) days.

## JURISDCITION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. 216(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

8. Rafael Correa Gomez is an adult individual residing at 1538 Cedar Lane, Youngstown, Ohio 44505 (Mahoning County). Plaintiff consents in writing to be a party to this collection action pursuant to 29 U.S.C. § 216(b). *See*, **Exhibit A.**

9. Defendant Iron City Wood Products, Inc. ("Iron City Wood Products" or "Defendant") is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant Iron City Wood Product's principal place of business is located in Mahoning County, Ohio.

10. Defendant Iron City Wood Products can be served through its statutory agent, Denise O. Muslovski, at 10513 Unity Road, New Middletown, Ohio 44442.

11. Defendant Iron City Wood Products is in the business of pallet management and recycling.

12. At all relevant times, Plaintiff was employed at Iron City Wood Products as a non-exempt laborer.

13. As a laborer, Plaintiff would assemble wood pallets.

14. During all times material to this complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

15. During all times material to this complaint, Plaintiff and the Putative Class members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d).

16. During all times material to this complaint, Defendant was an employer for purposes of the Ohio Wage Laws and the Prompt Pay Act.

## SUMMARY

17. At all relevant times, Plaintiff and the putative class members were non-exempt employees entitled to be paid a minimum wage for all hours worked and to be paid at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

18. Defendant has a company-wide practice of not paying its employees the appropriate minimum wage. Defendant also has a company-wide policy of not paying the proper overtime rates to employees who work more than forty (40) hours in a workweek.

19. Plaintiff brings this action on behalf of himself and all non-exempt hourly Iron City Wood Products employees who have not been paid their proper minimum and/or overtime wages at any time during the three years preceding the filing of this action ("the Putative Class").

## STATEMENT OF FACTS

20. Plaintiff was employed by Defendant as an hourly, non-exempt laborer from approximately January of 2013 until July of 2016.

21. Plaintiff and the Putative Class members were, at times, required to work more than forty (40) hours in a workweek, but were not paid an overtime premium or at all for such hours worked over forty (40) in a workweek.

22. Plaintiff and the Putative Class members were required to work for less than the minimum wage.

23. For example, Plaintiff and the Putative Class would be required to perform work on the weekends but would not be paid any amount for that work; even if such work resulted in Plaintiff and the Putative Class working more than forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this collective action pursuant to Ohio Revised Code 4111.14 and 29 U.S.C. 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendant as non-exempt employees and who performed work on weekends for the Defendant but were not paid at least a minimum hourly wage at any time between the date of this Complaint and the date of judgment in this matter, who elect to opt-in this this action (the "Minimum Wage Collective").

25. Plaintiff brings this collective action pursuant to 29 U.S.C. 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendant as non-exempt

employees and who worked in excess of forty (40) hours in a workweek but were not paid an overtime premium (the "Overtime Collective").

26. Plaintiff and the Minimum Wage Collective are similarly situated in that they are all subject to Defendant's common compensation policies, patterns and/or practices; including, without limitation, Defendant's failure to pay them a minimum wage in violation of Ohio and/or federal law.

27. Plaintiff and the Overtime Collective are similarly situated in that they are all subject to Defendant's common compensation policies, patterns and/or practices; including, without limitation, Defendant's failure to pay them an overtime premium for all hours worked in excess of forty (40) in a workweek.

28. There are many similarly situated current and former non-exempt employees who have been underpaid in violation of Ohio and federal law who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the Minimum Wage Collective and the Overtime Collective pursuant to Ohio Revised Code 4111.14 and 29 U.S.C. 216(b).

29. All of the work that Plaintiff and the Minimum Wage Collective and the Overtime Collective have performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and the Minimum Wage Collective and the Overtime Collective have performed.

30. Defendant's violation of the FLSA was willful and not done in good faith.

## CLASS ACTION ALLEGATIONS

31. Plaintiff bring this case as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and other members of a class of persons who assert claims under the Ohio Prompt Pay Act (the "Ohio Prompt Pay Class"), defined as:

> All present and former hourly employees of Defendant during the period three years preceding the commencement of this action to the present who were not paid a minimum wage or proper overtime premiums within thirty (30) days beyond their regularly scheduled payday.

32. The Ohio Prompt Pay Class is so numerous that joinder of all claim members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the number is over forty (40) persons. The number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio and federal law.

33. There are questions of law or fact common to the Ohio Prompt Pay Class, including, but not limited to:

   a. Whether Defendant failed to pay Plaintiff and other class members a minimum wage or overtime pay within thirty (30) days of their regularly scheduled pay day?

   b. Whether Plaintiff and the other class members had a regularly scheduled payday?

38. Plaintiff's claims are typical of the claims of other members of the Ohio Prompt Pay Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of the other class members.

39. Plaintiff will fairly and adequately protect the interests of the Ohio Prompt Pay Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of

other class members. Plaintiff's counsel have broad experience in handling class action litigation and are fully qualified to prosecute the claims of the Ohio Prompt Pay Class.

40. The questions of law or fact that are common to the Ohio Prompt Pay Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class listed above are common to the class as whole and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with the concomitant duplication of costs, attorney fees and demand on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**Violation of Fair Labor Standards Act**
**(Collective Action)**

42. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

28. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

29. As employees for Defendant, Plaintiff and the Minimum Wage Collective members were not paid the minimum wage required by law for all hours worked.

30. As employees for Defendant, Plaintiff and the Overtime Collective members worked hours in excess of the maximum weekly hours permitted under the FLSA but were not

paid an overtime premium equal to one and one half times the employee's regular rate for those excess hours.

31. Plaintiff and the Minimum Wage Collective members and the Overtime Collective members do not qualify for an exemption from the minimum wage and overtime obligations imposed by the FLSA.

32. Throughout Plaintiff's and the Minimum Wage Collective members and the Overtime Collective members' employment, Defendant has known that Plaintiff and the Minimum Wage Collective members and the Overtime Collective members are not exempt from the minimum wage and overtime obligations imposed by the FLSA.

33. In spite of such knowledge, the Defendant has willfully withheld and failed to pay the minimum wages and overtime compensation to which Plaintiff and the Minimum Wage Collective members and the Overtime Collective members are entitled.

34. Because the Defendant's violation of the FLSA was willful, Plaintiff and the Minimum Wage and Overtime Collective members are entitled to these wages dating back three years.

35. Defendant's failure to pay Plaintiff and the Putative Class members a minimum wage and/or compensation for all hours worked at the lawful overtime rates is not based on good faith or reasonable grounds. Pursuant to 29 U.S.C. § 216(b), Plaintiff and the Putative Class members are therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

36. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay Plaintiff and the Putative Class members the minimum wage and overtime premiums

required by the FLSA. As such, Plaintiff and the Putative Class members are entitled to attorneys' fees and costs incurred pursuant to 28 U.S.C. §216(b).

37. Plaintiff brings this action on behalf of himself and all non-exempt hourly Iron City Wood Products employees who have not been paid the appropriate minimum wage and/or the appropriate overtime wage at any time during the three years preceding the filing of this action.

38. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

## COUNT TWO
**Violation of the Ohio Minimum Fair Wage Standards Act**
**(Collective Action)**

39. Plaintiff repeats the allegations set forth above and incorporate them herein by reference.

40. Defendant did not pay Plaintiff and the Minimum Wage Collective a minimum wage or at all for hours worked during weekends.

41. Defendant's practices violated the Ohio Wage Laws.

42. Ohio Revised Code § 4111.14 provides that Defendant, having violated § 4111.14, that "damages shall be calculated as an additional two times the amount of the back wages" owed to the Plaintiff and the Minimum Wage Collective. Additionally, Defendant is liable "for costs and reasonable attorney's fees."

## COUNT THREE
### (Violations of Ohio Revised Code 4113.15)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of Ohio Revised Code 4113.15 on behalf of himself and all members of the Ohio Prompt Pay Class for which certification is sought pursuant to Federal Rule of Civil Procedure 23.

45. Defendant violated Ohio Revised Code 4113.15 by failing to pay wages owed to its hourly workers including Plaintiff and the Ohio Prompt Pay Class within thirty (30) days of their regularly scheduled payday.

46. Ohio Revised Code 4113.15 provides that Defendant, having violated § 4113.15 "is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify the Minimum Wage Collective pursuant to the Ohio Wage Laws and 29 U.S.C. 216(b);

B. Certify the Overtime Collective pursuant to 29 U.S.C. 216(b);

C. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Prompt Pay Class;

D. Awarding Plaintiff and the Putative Class members their unpaid wages including overtime wages and minimum wages as to be determined at trial together with any liquidated damages allowed by law;

E. Awarding Plaintiff and the Putative Class members their reasonable costs and attorneys' fees necessarily included herein; and,

F. Awarding Plaintiff and the Putative Class members such other and further relief as the Court deems proper.

Respectfully submitted,

NILGES DRAHER LLC

/s/ *Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email:   hans@ohlaborlaw.com
           sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Hans A. Nilges*
Hans A. Nilges