PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAFAEL CORREA GOMEZ, ) | |
| ) | CASE NO. 4:17CV0013 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| ) | **ORDER APPROVING SETTLEMENT** |
| IRON CITY WOOD PRODUCTS, INC., ) | **AND FINAL JUDGMENT AND** |
| ) | **DISMISSAL WITH PREJUDICE** |
| Defendant. ) | [Resolving ECF No. 11] |

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Stipulations of Dismissal with Prejudice (ECF No. 11). The parties move the Court to approve their Joint Stipulation of Settlement and Release (the "Settlement Agreement") (ECF No. 11-1) resolving Plaintiff's claims filed under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*), the Ohio Minimum Fair Wages Standards Act (Ohio Rev. Code § 4111.14), and the Ohio Prompt Pay Act (Ohio Rev. Code § 4113.15). For the following reasons, the Court finds that the Settlement Agreement is a fair and reasonable resolution of *bona fide* disputes under the FLSA. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (noting that Section 216(b) of the FLSA allows settlements when a federal district court has "scrutinizin[ed] the settlement for fairness."); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (permitting settlement only when a *bona fide* dispute over plaintiff's entitlement to compensation exists).

(4:17CV0013)

The Court first finds that Plaintiff and Defendant had *bona fide* disputes. Plaintiff contends that he is an hourly, non-exempt laborer who worked more than forty (40) hours per week. *See* Amended Complaint, ECF No. 7 ¶¶ 16, 18-19. Plaintiff argues that he was not paid minimum wage and/or overtime wages in violation of the FLSA. *Id*. at ¶ 17. Defendant denies that it violated the FLSA. The Court concludes that the parties have legitimate disagreements over the wages owed, and have "demonstrated that the legal and factual issues presented in this action [do] not necessarily favor either side." *Rotuna*, 2010 WL 2490989, at *5.

The Court also finds that the Settlement Agreement is fair and reasonable. The Court reviewed the Settlement Agreement, taking into account factors such as the risk of fraud or collusion, the complexity, expense and likely duration of litigation, and the likelihood of success on the merits. *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007)). Although the Court cannot assess the likelihood of success on the merits because the case resolved early in the course of litigation, the Court concludes that all other factors weigh in favor of approving the Settlement Agreement.

Finally, the Court finds that the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). Although the attorneys' fees exceed Plaintiff's award, this is neither uncommon nor unreasonable. *See Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)

2

(4:17CV0013)

(noting that awarding attorneys' fees encourages FLSA enforcement and "[e]nsure[s] effective access to the judicial process," and upholding an award of $40,000.00 in attorneys' fees when plaintiff recovered nominal damages); *see also, e.g.*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $9,250.00 in attorneys' fees when plaintiff recovered $1,698.00); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955, 962 (E.D. Wisc. 2003) (awarding $36,204.88 in attorneys' fees, but $3,540.00 in plaintiff's damages).  Given that this case was resolved early in the litigation process, before fees and expenses associated with discovery, motion practice, and trial were incurred, the Court finds that the attorneys' fees are reasonable.

    For these reasons, the Court approves the parties' Settlement Agreement.  The Court dismisses with prejudice this action and all claims that were raised or that could have been raised in this action.  Without affecting the finality of this Final Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over this action for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

    IT IS SO ORDERED.

| July 20, 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |